[L. A. No. 10060. In Bank.—December 22, 1928.]

ELIZABETH HESS et al., Respondents, v. A. F. SAUSSER et al., Appellants.

Chas. H. Adkins for Appellants.

Chas. G. Young and William Gilroy for Respondents.

THE COURT.—This appeal was submitted upon an order to show cause, the respondents having presented and filed no brief herein. The action was one to foreclose a chattel mortgage upon certain furnishings of an apartment house building which had been leased by plaintiffs to certain lessees named Brown, who had executed a chattel mortgage to secure the payment of rent. The Browns sold the furnishings and assigned their interest in the lease to one Mrs. Hennessey, who in turn sold the furnishings and assigned her interest in the lease to Mrs. Aspinwall, but did not deliver the original lease to her for the reason that it had been pledged by Mrs. Hennessey as collateral security for the payment of a note. Mrs. Aspinwall sold the furnishings and executed an assignment of the lease to the defendants and appellants herein, but also did not deliver the original lease for the reason above stated. The defendants and appellants took possession of the property and held the same up to the time of the commencement of this action, and it is admitted that at the time of the institution thereof the defendants and appellants were in default in the payment of rent in the sum of $2,350. They filed an answer containing certain denials and the cause came on for trial on March 11, 1927, when judgment was rendered for plaintiffs and against the appellants for the aforesaid amount of overdue rent and for the foreclosure of the mortgage; whereupon the defendants Sausser appealed from such judgment.

The first point made by the appellants is that their demurrer to the complaint should have been sustained for the reason that the complaint failed to set forth the terms and conditions of the chattel mortgage or the substance thereof. The complaint does not contain the chattel mort-

gage in full, but refers to the record thereof for a full statement of its terms. The complaint purports to set forth sufficient of the terms and conditions of the chattel mortgage to support an action for the foreclosure thereof, and we are satisfied that it does so sufficiently to avoid a demurrer.

The second contention of the appellants is that the original lease, though admittedly assigned to the appellants by a separate instrument, was not delivered to them, and that for that reason they were not liable for the terms and penalties thereof, which provide for a foreclosure of said chattel mortgage on default in the payment of rent. There is no merit in this contention, nor do the authorities which are cited by the appellants in any degree sustain it. Admittedly, the assignment of said lease was delivered to the appellants, and this would suffice for a transfer of whatever interest in the original lease was covered by the assignment, without the delivery of the original document.

The third and final contention of the appellants is that the plaintiffs failed to sufficiently prove the service of a sufficient notice to pay rent in order to place them in such default as would entitle the plaintiffs to a foreclosure of their mortgage. There is no merit in this contention for two reasons: first, that the answer of the defendants to the averments of the complaint alleging the service of such notice constitutes on its face an insufficient denial thereof, since a mere denial that a notice was served upon a particular day amounts to the admission of its service upon any other day which would allow a sufficiency of time for their failure to comply with its terms; and the second reason is that the evidence offered on the part of the appellants fails to constitute a sufficient denial of the receipt of such notice, the testimony of the appellant Sausser amounting to no more than a statement that he did not remember receiving the written notice, a copy of which was exhibited to him. We therefore find no merit in the several contentions of the appellants upon this appeal.

The judgment is affirmed.